UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDRES NAVARETTE, JR.<br><br>Defendant. | Case No. 15-cr-00022-BLW<br><br>**REPORT AND RECOMMENDATION** |

On July 30, 2015, Defendant Andres Navarette, Jr. appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the applicable Superseding Indictment (Dkt. 35), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

REPORT AND RECOMMENDATION - 1

Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt, the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate. The Government did not oppose continued release, acknowledging that Defendant was a minor participant in the offense, that there have been no violations of the pre-trial release conditions to date, and nothing has occurred since the time of Defendant's pre-trial release that elevates the risk of danger to the community if Defendant's release is continued. Further, Defendant presented a showing of reasons beyond compliance to date for the Court's consideration.

In this case, the Government withdrew its motion for detention at the time of Defendant's detention hearing and Defendant was released on a strict combination of standard and additional conditions by this Court on February 17, 2015. (Dkt. 95, 99.) Since his release, Defendant has been compliant with all aspects of pre-trial supervision. Defendant has maintained employment at a level sufficient to provide for himself and contribute substantially to his mother's living expenses. Additionally, Defendant plays a critical role in assisting his wife and young children with immigration issues and obtaining medical treatment.

The Court finds the above circumstances, taken collectively, constitute clear and

convincing evidence that Defendant is not likely to flee or pose a danger to the community if release is continued pending sentencing. Further, the Court finds detention pending sentencing would unduly disrupt Defendant's household/family responsibilities and employment. The Court finds, accordingly, the totality of these circumstances constitute exceptional reasons why Defendant's detention pending sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Andres Navarette, Jr.'s plea of guilty to Count One of the Superseding Indictment (Dkt. 35);

2) The District Court order forfeiture consistent with Defendant's admission to the Criminal Forfeiture allegation in the Superseding Indictment (Dkt. 35) and the Plea Agreement; and

3) The District Court continue Defendant's release subject to the Order Setting Conditions of Release (Dkt. 99).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: July 30, 2015

_____
CANDY WAGAHOFF DALE
CHIEF U.S. MAGISTRATE JUDGE